UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:07CR-42-M

UNITED STATES OF AMERICA                                            PLAINTIFF

VS.

MATTHEW WISER-AMOS                                                  DEFENDANT

### MEMORANDUM OPINION AND ORDER

Defendant, Matthew Wiser-Amos, filed a motion to suppress evidence obtained as a result of a search of his residence in Louisville, Kentucky, on February 24, 2006 [DN 18]. Defendant challenges the legality of the search warrant arguing that the information contained in the affidavit in support of the search warrant was insufficient to establish probable cause because the information was stale. This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). The Magistrate recommended the Court deny the Defendant's motion to suppress the items seized during the execution of the search warrant [DN 22]. Defendant objects to the Magistrate's Findings of Fact, Conclusions of Law and Recommendation [DN 26]. Fully briefed, this matter is ripe for decision.

The Fourth Amendment states that "no warrants shall issue but upon probable cause, supported by oath or affirmation . . . ." U.S. Const. amend IV. Probable cause for the issuance of a search warrant is defined in terms of whether the affidavit sets out facts and circumstances which indicate "a 'fair probability' that evidence of a crime will be located on

the premises of the proposed search." United States v. Bowling, 900 F.2d 926, 930 (6th Cir. 1990). See also United States v. Frazier, 423 F.3d 526 (6th Cir. 2005). In considering a challenge to a warrant application based on staleness, the Sixth Circuit examines the following factors: (1) the inherent nature or character of the crime; (2) whether the criminal is nomadic or entrenched; (3) whether the items to be seized are perishable or easily transferable; and (4) whether the place to be searched is a mere criminal forum of convenience or a secure operational base for criminal conduct. United States v. Spikes, 158 F.3d 913, 923 (6th Cir. 1998); United States v. Abboud, 438 F.3d 554, 572-73 (6th Cir.), cert. denied, 127 S.Ct. 446 (2006). The length of time between events described in an affidavit and the application for a warrant is salient, but not controlling. Id. (citing Sgro v. United States, 287 U.S. 206, 210-11 (1932)).

Defendant argues that the warrant in this case was stale because the sole allegation proffered by Special Agent Magin A. Sacasas in his affidavit was that a computer located at the Louisville residence contained a single pornographic file on July 25, 2005, some seven months before the search. Defendant further argues that no evidence existed that at the time of the search, the same pornographic file, or any pornographic file for that matter, was still available on a computer at the IP address assigned to the residence.

Although the affidavit in this case "does not indicate ongoing criminal activity, evidence of child pornography, particularly involving a computer, requires a staleness analysis sensitive to technology and to the alleged criminal activity at issue." See United States v. Shackleford, 2007 WL 403627, *8 (E.D. Ky. Feb. 1, 2007) (citing United States v.

Miller, 450 F. Supp.2d 1321, 1335 (M.D. Fla. 2006)). After reviewing the factors identified by the Sixth Circuit, the Court agrees with the Magistrate and finds that these factors considered together indicate that the evidence relating to the July 25, 2005, possession did not become stale during the seven months before authorities sought and executed the search warrant.

In the present case, the affidavit reflects that on July 25, 2005, a computer located at the Louisville address contained one electronic video file containing a child pornographic image. Law enforcement accessed the image through the use of a file sharing program, Bearshare, contained on the computer in question. Insight Communication records obtained by law enforcement connected the IP address of the user who possessed the file to the Louisville, Kentucky address. Special Agent Sacasas verified that the individual identified as the subscriber for the specific IP address resided at the Louisville, Kentucky address and that the subscriber continued to have an active high speed internet account with Insight from May 24, 2004 to February 16, 2006. Although, as Defendant argues, it is possible that the perpetrator accessed the internet from a laptop computer used by a guest or from a computer owned by a neighbor piggy-backing on the wi-fi signal, the Court finds it is reasonable to assume that a current occupant of the home possessed the image. Id. at *7 n. 3. Additionally, given the nature of computer storage, the Court finds it is also reasonable to assume that the computer that originally contained the image in question still contained that image. "[I]mages and videos stored on a computer are not easily eliminated from a computer's hard drive." United States v. Toups, 2007 WL 433562, *4 (M.D. Ala. Feb. 6,

2007). "The mere deletion of a particular file does not necessarily mean that the file cannot later be retrieved." Id. (citations omitted). Given this information and based upon the reasons articulated by the Magistrate, the Court finds that at the time of the execution of the search warrant there was "a '*fair probability*' that evidence of a crime [would] be located on the premises of the proposed search." Frazier, 423 F.3d at 531. See also Shackleford, 2007 WL 403627, *7 n. 3.

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Court adopts the Findings of Fact and Conclusions of Law as set forth in the report submitted by the United States Magistrate Judge and Defendant's motion to suppress [DN 18] is **DENIED**.

cc: counsel of record