# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 3:07CR-42-M**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**VS.**

**MATTHEW WISER-AMOS**                                                                         **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Defendant, Matthew Wiser-Amos, filed a renewed motion to suppress evidence obtained as a result of a search of his residence in Louisville, Kentucky, on February 24, 2006 [DN 44]. Defendant challenges the legality of the search warrant arguing that the search warrant affidavit was insufficient to establish probable cause because it contained false and misleading information made by German and/or American law enforcement personnel. The United States has responded to the renewed motion to suppress [DN 49] and the Defendant has filed a reply [DN 52]. Fully briefed, this matter is ripe for decision.

## BACKGROUND

Defendant previously filed a motion to suppress the evidence seized pursuant to a search warrant issued by United States Magistrate Judge James D. Moyer on February 21, 2006, and executed on February 24, 2006 [DN 18]. In his initial motion, Defendant claimed that the information contained in the affidavit in support of the search warrant was stale. This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). The Magistrate recommended the Court deny the Defendant's motion

to suppress the items seized during the execution of the search warrant [DN 22]. In a Memorandum Opinion and Order entered September 7, 2007, this Court adopted the Magistrate Judge's Findings of Fact and Conclusions of Law and denied Defendant's motion to suppress. [DN 27].

Defendant has now renewed his motion to suppress arguing that the search warrant affidavit in this matter included false and misleading information made by law enforcement personnel, namely that on July 13, 2005, the video file "Babyshivid" shown to the Magistrate Judge was downloaded from IP address 12.202.40.244 and determined to contain child pornography. Defendant argues that this misinformation was provided to the Magistrate Judge by law enforcement personnel knowingly and intentionally or with reckless disregard for the truth and, but for this misinformation, the Magistrate Judge would not have issued the warrant in question.

## DISCUSSION

### 1. The Search Warrant Affidavit Contains a Material Omission

In Franks v. Delaware, 438 U.S. 154 (1978), the United States Supreme Court recognized a defendant's right to challenge the sufficiency of an executed search warrant. Under Franks, the Defendant is entitled to an evidentiary hearing on the veracity of the statements in the affidavit

> if and only if (1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false *and* (2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set to one side.

2

United States v. Atkin, 107 F.3d 1213, 1216-1217 (6th Cir. 1997)(quoting United States v. Campbell, 878 F.2d 170, 171 (6th Cir. 1989)). Franks challenges may also "be based on the *omission* of material facts from the warrant affidavit that would, if known to the issuing magistrate, dispel probable cause." United States v. Keszthelyl, 308 F.3d 557, 566 (6th Cir. 2002). See also Mays v. City of Dayton, 134 F.3d 809, 815 (6th Cir.1998). If a defendant demonstrates "'that the government affiant engaged in 'deliberate falsehood' or 'reckless disregard for the truth' in omitting information from the affidavit, the court must then consider the affidavit including the omitted portions and determine whether probable cause still exists.'" United States v. Wright, 131 Fed. Appx. 471, 477 (6th Cir. 2005)(quoting Atkin, 107 F.3d at 1217). See also United States v. Bonds, 12 F.3d 540, 568 n. 23 (6th Cir. 1993); Hale v. Kart, 396 F.3d 721, 726 (6th Cir. 2005).

Defendant contends that Paragraphs 9 and 10 of the affidavit submitted in support of the Application for Search Warrant included false information that the Computer Crime Unit investigators had downloaded the child pornography video from IP address 12.202.40.224 on July 13, 2005. However, now both the United States and the Defendant agree that the video file was never actually downloaded from that IP address. Officer Ralf Klamann of the Computer Crime Unit LKA Stuttgart, Germany, testified by deposition on June 11, 2008, that he did not download the Babyshivid video file from a computer located in the Defendant's residence on July 13, 2005. Instead, the evidence reflects that on July 13, 2005, criminal investigators with the Computer Crime Unit LKA Stuttgart, Germany, conducted a computer search for known images of child pornography, such as the "Babyshivid . . . ." file, through

peer-to-peer application Bearshare. Bearshare provided a list of users from whom the video file could be acquired and listed the IP addresses of the users who possessed the file for sharing. The investigators printed the list of IP addresses associated with the "Babyshivid . . ." video file and one of the listed IP addresses was 12.202.40.244. Officer Klamann was not able to download the "Babyshivid . . ." file from 12.202.40.244 because the IP address was "busy."

Defendant maintains that the plain meaning of Paragraphs 9 and 10 of the affidavit is that the Babyshivid video file was downloaded from a computer at the Defendant's residence. Paragraphs 9 and 10 of the affidavit provides:

> 9. The Computer Crime Unit printed the list of IP addresses associated with the "Babyshivid . . ." file as provided by Bearshare. One of the listed IP addresses was 12.202.40.244. Investigators used a "whois" to identify the IP address. The IP address traced back to the United States, specifically AT&T Worldnet Service.[]
>
> 10. The Computer Crime Unit captured the child pornography images contained in the "Babyshivid . . ."file as well as the above-referenced log sheets. The Unit forwarded the materials to SIR/Frankfurt, Germany. On August 9, 2005, SIR/Frankfurt sent the information to ICE Cyber Crimes Center (C3) for further action.

(Magin Sacasas Affidavit at ¶9, ¶10.) The Magistrate Judge and this Court originally believed that the Babyshivid video file was downloaded by German law enforcement on July 13, 2005, from a computer located at Defendant's residence. However, a review of Paragraphs 9 and 10 of the affidavit does not support such a conclusion. Instead, the affidavit sets forth the investigative steps by the Computer Crime Unit, including the fact that the Computer Crime Unit obtained a list from Bearshare indicating the users from whom the

video file could be acquired as well as the IP addresses of those users who possessed that file. While the affidavit does not actually contain false statements or information, the affidavit does omit the information that the Computer Crime Unit was unable to download the video file in question from the IP address in question on July 13, 2005. This information should have been disclosed to the Magistrate. After a review of the deposition and letter of Officer Klamann, the Court concludes that such omission was in "reckless disregard for the truth." As a result, the Court finds that Defendant has satisfied the first prong of Franks.

### 2. Probable Cause

Finding that the Defendant made a preliminary showing that the government affiant engaged in "reckless disregard for the truth" in omitting information from the affidavit, the Court will now consider the affidavit including the omitted portions to determine whether probable cause still exists.

The Fourth Amendment states that "no warrants shall issue but upon probable cause, supported by oath or affirmation . . . ." U.S. Const. amend IV. Probable cause for the issuance of a search warrant is defined in terms of whether the affidavit sets out facts and circumstances which indicate "a 'fair probability' that evidence of a crime will be located on the premises of the proposed search." United States v. Bowling, 900 F.2d 926, 930 (6th Cir. 1990). See also United States v. Frazier, 423 F.3d 526, 531 (6th Cir. 2005).

In the present case, the affidavit along with the omitted information reflect that on July 13, 2005, a computer located at the Defendant's residence contained the Bearshare application which allows users to share files with one another. On that date, the Computer

Crime Unit investigators in Germany initiated a Bearshare search for a known child pornography video file entitled "Babyshivid . . . ." Bearshare provided a list of the IP addresses of the users who possessed the video file for sharing, including the IP address 12.202.40.244. However, the printout includes a notation that the computer at IP address 12.202.40.244 was "busy." Thus, the investigators were not able to actually download the video file "Babyshivid . . ." from 12.202.40.244. Insight Communication records obtained by law enforcement connected the IP address of the user who possessed the video file "Babyshivid . . ." to the Louisville, Kentucky address of Defendant. Special Agent Magin Sacasas with the Department of Homeland Security, Immigration & Customs Enforcement, verified that the individual identified as the subscriber for the specific IP address resided at the Louisville, Kentucky address and that the subscriber continued to have an active high speed internet account with Insight from May 24, 2004 to February 16, 2006.

Based upon this information, the Court finds that at the time of the execution of the search warrant there was "a 'fair probability' that evidence of a crime [would] be located on the premises of the proposed search." Frazier, 423 F.3d at 531.

### 3. Staleness

Defendant argues that the fact that the Babyshivid video file was not actually downloaded from the computer at Defendant's residence prior to the search enhances the strength of his original argument that the information contained in the affidavit was too stale to justify the issuance of a warrant. Contrary to Defendant's argument, the Court finds that this information does not alter the Court's original decision with respect to staleness.

**CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Defendant's renewed motion to suppress and motion for a hearing [DN 44] are **DENIED**.

cc: counsel of record
US Marshal
US Probation